3:26-mj-00301

DISTRICT OF OREGON, ss: AFFIDAVIT OF TAPARA SIMMONS, JR.

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, TaPara Simmons, Jr., being duly sworn, do hereby depose and state as follows:

## Introduction and Agent Background

1. I am a Special Agent (SA) of the Federal Bureau of Investigation (FBI) and have been so employed since 2023. I am currently assigned to the FBI Portland Field Office (PD) Crimes Against Children (CAC) and Human Trafficking (HT) squad. As a federal law enforcement officer, I am authorized to investigate and make arrests for violations of federal law, and to apply for federal search warrants. I have acquired knowledge and information about criminal conduct and investigation from many sources, including formal and informal training, other law enforcement officers, investigators, informants, and people who I have interviewed, and my participation in numerous investigations. I received specialized training in investigating a range of offenses from violent crime to human trafficking. I have investigated matters involving the sexual exploitation of children, including the online sexual exploitation of children, particularly as it relates to violations of Title 18, United States Code, Sections 2252A and 2422, as well as other sexually motivated cybercrimes and stalking. I am part of the Portland Child Exploitation Task Force (CETF), which includes FBI Special Agents and Task Force Officers. The CETF is an intelligence-driven, proactive, multi-agency investigative initiative to combat the proliferation of child pornography/child sexual exploitation facilitated by an online computer. As part of my duties as a federal agent, I work with local, state, and other federal agencies on joint investigations of federal offenses.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Vince Edgar CHAVEZ, AKA: Vincent, date of birth XX/XX/1990, (hereinafter CHAVEZ), for

interstate kidnapping, in violation of Title 18, United States Code, Section 1201. As set forth below, there is probable cause to believe, and I do believe, that CHAVEZ committed kidnapping, in violation of Title 18, United States Code, Section 1201.

3. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. The facts set forth in this affidavit are based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, a review of records related to this investigation, communications with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience.

**Applicable Law**

4. Title 18, United States Code, Section 1201 prohibits whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person and willfully transports them in interstate or foreign commerce, or travels in interstate or foreign commerce, or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense.

**Statement of Probable Cause**

5. On October 28, 2026, at approximately 1:44 a.m., Adult Witness (AW) contacted 911 to report that her 10-year-old daughter, Minor Victim 1 (MV1), was missing. AW stated that she woke up to the sound of someone talking, went outside, and saw an unknown male in a black sweatshirt rush her daughter out the door, and then saw a white van drive off. AW described the male as “a little heavy” with long hair, wearing a black hoodie. AW further reported that her 12-year-old daughter, Minor Victim 2 (MV2), was bleeding from her head.

6. Upon arrival at AW's residence, Officers encountered AW and MV2. There did not appear to be any signs of forced entry. MV2's head and shirt were covered in blood. When the responding officer asked MV2 what she was hit with, she pointed to a hammer on the ground. The hammer was near a black backpack inside the residence. AW stated that the hammer and backpack did not belong to them. The black backpack contained the following items:

- Rope
- Zip ties
- A black eye mask
- A male vitality supplement
- Lubricant
- Clothing

7. During an interview, AW identified Vince Edgar CHAVEZ, date of birth XX/XX/1990, as a person of interest. AW had previously associated with CHAVEZ and CHAVEZ had seen her children. CHAVEZ had previously shown a sexual interest in MV1. FBI personnel identified CHAVEZ as using telephone number XXX-XXX-8618.

8. CHAVEZ was identified as the subscriber for telephone number XXX-XXX-8618. FBI CAST (Cellular Analysis Survey Team) requested records under the Emergency Voluntary Disclosure statue due to the immediate threat to life.

9. Subsequent police investigation found that CHAVEZ had recently purchased a white van in Washington State.

10. A query of law enforcement databases showed that CHAVEZ was being investigated for allegations of hands-on sexual abuse offenses with a 10-year-old girl in Washington County, Oregon.

11. A review of records for XXX-XXX-8618, provided under Emergency Voluntary Disclosure statute, showed the phone was historically and currently being used in the vicinity of a residence on Pleasant Avenue, Oregon City, OR.

12. Based on an Oregon City Police Department grid search and analysis by the FBI CAST Team, law enforcement responded to the area near the residence on Pleasant Ave. and located a white van with Washington license plates "XXX6044" parked near the address. The license plate was registered to an unrelated individual. At approximately 1:46 p.m., FBI special agents observed CHAVEZ exit a specific unit at the residence on Pleasant Avenue, access the white van for several minutes, then return to the specific unit.

13. FBI CAST obtained an initial set of call detail records and timing advance for CHAVEZ's cellphone number, which showed no activity from 1:17 a.m. until 2:55 a.m., which was consistent with the phone being either off or having no activity. At 1:17 a.m. the phone's geolocation was consistent with being at the residence on Pleasant Avenue and the same at 2:55 a.m.

*Recovery of MV1*

14. Based on the foregoing, law enforcement tactical teams executed an exigent search of the residence on Pleasant Avenue. During the tactical operation, MV1 was located in a bedroom closet, bound inside a zipped duffle bag. CHAVEZ was present and taken into police custody. Interviews of the other occupants of the residence by state and local investigators indicated the bedroom MV1 was recovered from was CHAVEZ's room. The other occupants were unaware of MV1's presence in the apartment.

15. MV1 was recovered by law enforcement approximately 9 miles away from her residence, in an apartment unit associated with CHAVEZ. MV1 was transported by CHAVEZ by

vehicle across multiple town lines, utilizing Highway OR-99E. Video surveillance footage obtained during the course of the investigation from businesses along Highway OE-99E showed a vehicle consistent in appearance to CHAVEZ's van at approximately 1:41 a.m. A search warrant executed on the vehicle located a wig, blood, and other items of investigative interest.

*Interview of MV1*

16. Following her recovery, MV1 was taken to a hospital for evaluation. During her evaluation, MV1 stated that CHAVEZ struck MV2 multiple times in the head with a hammer before striking MV1 in the head with the same hammer and forcing her into a white van. MV1 stated that she was forced into the van before CHAVEZ sped away from her home. MV1 did not know how long they had driven, but, at some point, CHAVEZ parked the van. While inside of the van, CHAVEZ strangled and sexually assaulted her before placing her inside of a black bag and carrying her inside of the residence. CHAVEZ initially told MV1 that he would take her home and later stated, "yeah, never mind."

17. While in a bedroom, on a bed, CHAVEZ showed MV1 adult pornography using his black cellphone, stating that he was going to perform the same actions on MV1. Sometime thereafter, CHAVEZ placed MV1 inside a duffle bag and strangled her, rendering her unconscious. MV1 woke, with her arms bound with duct tape, to law enforcement executing the exigent search warrant.

**Conclusion**

18. Based on the foregoing information, I have probable cause to believe that Vince CHAVEZ, AKA: Vincent Chavez, date of birth XX/XX/1990, seized, confined, inveigled, decoyed, kidnaped, abducted, or carried away and held for ransom or reward or otherwise, MV1, and used the mail or any means, facility, or instrumentality of interstate or foreign commerce in

committing or in furtherance of the commission of the offense, specifically a car and a cellphone, in committing or in furtherance of the commission of the offense, in violation of Title 18, United States Code, Section 1201. I therefore request that the Court issue a criminal complaint and arrest warrant for Vince CHAVEZ.

19. Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Kate Rochat, and AUSA Rochat advised me that, in her opinion, the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

*By phone pursuant to Fed. R. Crim. P. 4.1*
TAPARA SIMMONS, JR.
Special Agent
Federal Bureau of Investigation

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 3:12 pm on November 3, 2026.

Youlee Yim You
HONORABLE YOULEE YIM YOU
United States Magistrate Judge